IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| FLORENCE E. ETONGWE,<br>    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK<br>NATIONAL ASSOCIATION, *et al.*,<br>    Defendants. | Civil Action No. 4:21CV07 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on the Motion to Dismiss filed by Defendants JPMorgan Chase Bank, National Association and Federal National Mortgage Association. (ECF No. 8.) The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant the Motion in part and deny the Motion in part.

**I. FACTUAL HISTORY**

Taking as true the facts alleged in the Amended Complaint (Am. Compl., ECF No. 1-8), the Court will recount the relevant background facts surrounding the claims of the plaintiff, Florence E. Etongwe ("Plaintiff"), against defendants JPMorgan Chase Bank, National Association ("Chase") and Federal National Mortgage Association ("Fannie Mae"). Although Equity Trustees, LLC, ("Equity Trustees") and Louis Okia Etongwe are also named as defendants in this action, Plaintiff asserts no claims against them. (*See* Am. Compl.; ECF Nos. 14, 15.)

On September 25, 2007, Plaintiff and her then husband, Louis Okia Etongwe, obtained a loan secured by a deed of trust ("Deed of Trust") on their home in Williamsburg, Virginia

1

("Property"). (Am. Compl. ¶¶ 6-8.; *See* ECF No. 1-5 at 7-25.)[1] Florence and Louis Etongwe are now divorced, and Plaintiff "was adjudicated as owner of the equity ownership of the home" in the divorce proceedings. (Am Compl. ¶ 10.)

Defendant Chase entered into a loan modification agreement with Plaintiff that became effective on December 23, 2015. (*Id.* ¶ 12; ECF No. 1-5 at 26-36.) Plaintiff alleges that the loan modification agreement stated that the first payment was due in January 2016, but Chase incorrectly claimed that the first payment was due in December 2015. (Am Compl. ¶¶ 12-13.) In December 2015, Plaintiff made the January 2016 payment, but Chase instead credited the payment to December 2015. (*Id.* ¶ 14.) Plaintiff alleges that Chase's records "were mistaken," and because Chase credited Plaintiff's January 2016 payment to December 2015, Chase claimed that more money was due on the loan than was in fact due. (*Id.* ¶ 16.)

In June 2016, Plaintiff sent a check for a loan payment to Chase that was returned for insufficient funds. (*Id.* ¶ 17.) After the check was returned, Chase refused to accept Plaintiff's subsequent attempted payments, and Chase asked Plaintiff to "pay late charges and other charges," which request Plaintiff alleges was "based on mistaken lender records." (*Id.* ¶ 18.)

Plaintiff alleges that she was never sent a proper cure notice as required in the Deed of Trust because of the "error in lender records," and that Chase erroneously claimed attorney's fees. *(Id.* ¶¶ 21-22.) If she had received a proper cure notice, she could have paid the amount in arrears with $50,000 she had saved in retirement funds. (*Id.* ¶ 23.)

Chase assigned its rights to the note to Fannie Mae, and Equity Trustees was appointed as substitute trustee on the Deed of Trust. (*Id.* ¶¶ 24-25.) Fannie Mae instructed Equity Trustees to foreclose on the Property. (*Id.* ¶ 26.) On August 22, 2019, Equity Trustees conducted a foreclosure of the Property. (*Id.* ¶ 27.) "Fannie Mae made the high bid." (*Id.*) On August 26, 2019, Equity

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for citations to the parties' submissions.

Trustees executed a purported trustee's deed that stated that it conveyed ownership of the Property to Fannie Mae. (*Id.* ¶ 28.) Fannie Mae reported to credit bureaus that it had foreclosed on the Property, which damaged Plaintiff's credit record. (*Id.* ¶ 30.)

## II. PROCEDURAL HISTORY

Plaintiff filed a Complaint in the Circuit Court of Williamsburg/James City County on March 2, 2020. (ECF No. 1-2.) Chase and Fannie Mae filed their demurrer and motion craving oyer on April 6, 2020. (ECF Nos. 1-4; 1-5.) Equity Trustees filed its demurrer on August 6, 2020. (ECF No. 1-6.) The Circuit Court of Williamsburg/James City County held a hearing on the motion craving oyer and the demurrers of Chase, Fannie Mae, and Equity Trustees on December 2, 2020, and granted the motion craving oyer and both demurrers. (ECF No. 1-7.) The Circuit Court gave the Plaintiff leave to amend the Complaint within 21 days. (*Id.*)

Plaintiff filed the Amended Complaint on December 23, 2020. (ECF No. 1-8.) The Amended Complaint asserts no claims against Louis Etongwe or Equity Trustees. (*Id.*)

Chase and Fannie Mae filed a Notice of Removal on January 14, 2021. (ECF No. 1.) The action was originally assigned to United States District Judge Raymond Jackson. Equity Trustees filed it Answer on January 20, 2021. (ECF No. 7.) Fannie Mae and Chase filed the instant Motion to Dismiss on January 21, 2021 (ECF No. 8), and Plaintiff filed her Memorandum in Opposition to Motion to Dismiss on February 4, 2021 (ECF No. 10). Fannie Mae and Chase filed their Reply in Support of Motion to Dismiss on February 10, 2021 (ECF No. 11), at which time the Motion became ripe.

This action was reassigned to the undersigned on February 26, 2021. On March 31, 2021, the Court ordered the parties to file briefs addressing why the citizenships of Equity Trustees and Louis Okia Etongwe do not destroy complete diversity in this action. (ECF No. 13.) Equity Trustees, Fannie Mae, and Chase filed their Joint Brief on April 7, 2021 (ECF No. 14), and Plaintiff

3

filed her brief on April 20, 2021. (ECF No. 15.) Louis Okia Etongwe did not file a brief, and he has not appeared or filed anything in this action. The Court determined that Equity Trustees and Louis Okia Etongwe are nominal parties to this action, and therefore they do not destroy diversity.

The Court held an Initial Pretrial Conference on May 19, 2021. A 2-day jury trial was set for November 1, 2021, and a Final Pretrial Conference was set for October 21, 2021. (ECF No. 17.)

### III. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). Dismissals under Rule 12(b)(6) are generally disfavored by the courts because of their res judicata effect. *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). The Federal Rules of Civil Procedure only require that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* (citations omitted). In considering a motion to dismiss, a plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted); *see also Martin*, 980 F.2d at 952.

## IV. DISCUSSION

1. Count One: Breach of the Cure Notice Requirement in the Deed of Trust

Plaintiff's primary claim is that Fannie Mae and Chase breached the Deed of Trust by not providing a proper cure notice to Plaintiff. (Am. Compl. ¶¶ 11-36). Paragraph 22 of the Deed of Trust provides:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right . . . to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

(ECF No. 1-5 at 19.)

Plaintiff alleges that she never was sent a "proper cure notice as required by paragraph 22" of the Deed of Trust. (Am. Compl. ¶ 21.) She does not clarify whether she received a cure notice at all. Plaintiff, however, did receive a cure notice. Fannie Mae and Chase attached to their Motion to Dismiss the cure notices that were sent to both Plaintiff and Louis Etongwe on June 12, 2018. (ECF No. 8-1.)[2] In her Memorandum in Opposition to Motion to Dismiss (ECF No. 10), Plaintiff does not deny receiving the cure notice that was addressed to her ("Notice") (Notice, ECF No. 8-1 at 1-7.)

The Notice meets all of the requirements in paragraph 22 of the Deed of Trust. The Notice specifies what the default is by stating that Plaintiff is "in default because [she] ha[s] failed to pay the required monthly installments commencing with the payment due 06/01/2016." (Notice at 1.)

---

[2] The Court on a motion to dismiss may "also consider documents that are explicitly incorporated into the complaint by reference . . . and those attached to the complaint as exhibits," as well as any document submitted by the movant if the document was "integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted). If the allegations in a complaint conflict with an exhibit, "the exhibit prevails." *Id.* (quoting *Fayetteville Invs.*, 936 F.2d at 1465).

The Notice specifies the amount that is past due, $48,736.13, and provides an itemized breakdown of these charges. (*Id.*) The Notice establishes the "[a]ction required to cure the default: You must pay the Total Monthly Payments listed in Paragraph 2 within 35 days from the date of this notice in order to cure this default." (*Id.*) The date by which the default must be cured, 35 days from the date of this Notice, is more than the 30 days required by the Deed of Trust. (*Id.*)

The Notice also satisfies the requirement that the lender notify the borrower of the consequences of default and the right to bring a court action to challenge an acceleration and sale. The Notice states that "[i]f you fail to cure the default on or before 07/17/2018, Chase may accelerate the maturity of the Loan, declare all sums secured by the Security Instrument immediately due and payable, commence foreclosure proceedings, and sell the Property." (*Id.* at 2.) Additionally, the Notice informs the Plaintiff that she has "the right to bring a court action to assert the nonexistence of a default, the right to assert in the foreclosure proceeding the non-existence of a default, or any other defense to acceleration, foreclosure, and sale." (*Id.*) Overall, the Notice provides an almost word-for-word repetition of the requirements of paragraph 22 of the Deed of Trust, which invalidates Plaintiff's claim to the contrary.

Plaintiff also argues that the Notice was not proper in other ways. Plaintiff alleges that Chase told her that she was required to "pay late charages [sic] and other charges based on mistaken lender records indicating that Etongwe had been in default from January 2016." (Mem. Opp'n, ECF No. 10 at 4.) This, however, directly contradicts the Notice. The Notice states that the Plaintiff is in default "because [she] failed to pay the required monthly installments commencing with the payment due 06/01/2016." (Notice at 1.) Plaintiff stated in both her Amended Complaint and Memorandum in Opposition that "[i]n June 2016, Etongwe sent a payment check which was returned for insufficient funds." (Am. Compl. ¶ 17; Mem. Opp'n at 3.) Plaintiff does not argue that this check was returned in error, or that she attempted to pay the June

6

2016 payment again once her check was returned. This suggests that the default in this action arises from the June 2016 payment, as opposed to an issue with the January 2016 payment.

In Plaintiff's Memorandum in Opposition, she introduces for the first time an argument that the "2018 notice was manifestly incorrect for a different reason" than the reasons outlined in the Amended Complaint. (Mem. Opp'n at 6.) She argues that the Notice "stated that Etongwe could assert in a court action a claim that she was not in default, but limited what it stated was her right to assert other defenses against acceleration of the note and foreclosure under the deed of trust to assertion of such other defenses in 'the foreclosure process' which was the non-judicial foreclosure." (*Id.*) Plaintiff contends that this was "a breach of the requirement in the deed of trust" and also a "breach done as part of an obvious form notice, which could only have been created deliberately to discourage lawsuits against the lender . . . ." (*Id.*) Plaintiff claims this shows that "the lender manifestly hoped that . . . the lender would gain a financial advantage by discouraging borrowers from consulting lawyers." (*Id.* at 7.) Plaintiff asserts that Chase decided "to create a form notice that gave significant less notice than required by the deed of trust . . . to gain an advantage . . . ." (*Id.*) Plaintiff further argues that this is a "(presumably nationwide) deliberate decision to breach the terms of the deed of trust." (*Id.*)[3]

The Court finds Plaintiff's argument to be meritless. Paragraph 22 of the Deed of Trust requires that "[t]he notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to reassert the non-existence of a default or any other defense of Borrower to acceleration and sale." (ECF No. 1-5 at 19.) The actual language of the Notice states that the borrower has the "right to bring a court action to assert the non-existence of a default,

---

[3] To support this argument, Plaintiff cites a Circuit Court of Petersburg decision that neither Defendants nor the Court could locate. Furthermore, Plaintiff admits that the facts in this Petersburg case "were different than the facts in this case." (*Id.*) The Court, therefore, will not consider this non-binding state court decision.

the right to assert in the foreclosure proceeding the non-existence of a default, or any other defense to acceleration, foreclosure and sale." (Notice at 2.) The insertion of the phrase "the right to assert in the foreclosure proceeding the non-existence of a default" between the two other phrases does not contravene the notice requirement in paragraph 22 of the Deed of Trust. The Notice directly contradicts Plaintiff's assertion that she did not receive a cure notice in conformity with paragraph 22 of the Deed of Trust. Because the Notice is integral to the Amended Complaint and there is no dispute as to its reliability, it prevails over the contrary assertions in the Amended Complaint.

Accordingly, the Motion to Dismiss will be granted as to Count One.

2. Count Two: Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiff also alleges that Defendants Chase and Fannie Mae breached the implied covenant of good faith and fair dealing. (Am. Compl. at 7-8). A claim for breach of the implied covenant of good faith and fair dealing under Virginia law requires "(1) a contractual relationship between the parties, and (2) a breach of the implied covenant." *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443, 450 (E.D. Va. 2009) (citing *Charles E. Brauer Co. v. NationsBank of Va., N.A.*, 466 S.E.2d 382, 386 (Va. 1996)). "The case law shows two ways in which the duty of good faith and fair dealing may be breached: (1) where a party has a clear contract right, even if its exercise would arguably be arbitrary, that party is only forbidden from acting dishonestly, . . . (2) but where a party has discretion in performance, that party cannot act arbitrarily or unfairly." *Stoney Glen, LLC v. Southern Bank and Tr. Co.*, 944 F. Supp. 2d 460, 466 (E.D. Va. 2013) (citations omitted). Plaintiff claims that after she was already in default, she applied for another loan modification. (Am. Compl. at 8.) "Chase told Etongwe not to make further payments on the loan while her application for a loan modification was pending," and in doing so, "Chase breached the aforesaid covenant of good faith and fair dealing imposed by the note and deed of trust by common law." (*Id.*) Because Chase told her to stop making payments, she stopped making payments. (*Id.*) Chase

8

then "ma[de] reports to credit bureaus that she had stopped making payments," which caused her credit score to decline, "to her economic prejudice." (*Id.*)

Although Defendants have asked the Court to dismiss the Amended Complaint in its entirety, they did not specifically address this claim. Upon review of the applicable case law and the Amended Complaint, the Court concludes that Plaintiff has adequately alleged both the existence of a contractual relationship between the parties and a breach of the implied covenant. Therefore, Count Two is sufficiently pleaded, and the Motion to Dismiss will be denied as to Count Two.

## V. CONCLUSION

For the reasons detailed above, Defendant's Motion to Dismiss (ECF No. 8) will be granted as to Count One and will be denied as to Count Two.

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Newport News, Virginia
Date: June 24, 2021